FILED
2019 Mar-25 AM 10:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| BOBBY JOE ALLEN, | } | |
| Plaintiff, | } } } | |
| v. | } } | Case No.: 5:17-cv-1042-MHH-JEO |
| ANDREW VICKERS, et al., | } } | |
| Defendants. | } | |

## MEMORANDUM OPINION

*Pro se* plaintiff Bobby Joe Allen filed his initial complaint in this case on June 11, 2017. (Doc. 1). Mr. Allen has amended or supplemented his complaint multiple times. (Docs. 10, 12, 14, 19, 28, 31). Mr. Allen filed his final complaint on April 11, 2018. (Doc. 31). Mr. Allen used a form for his complaint that is designed for prisoner complaints concerning civil rights violations. (Doc. 31).

In his April 11, 2018 complaint, Mr. Allen alleges that on October 3, 2017, at the Limestone County Detention Facility, Officers Vickers, Thompson, and Parham assaulted him while Officers Vanschoiack and Head watched. (Doc. 31, pp. 3-8). Mr. Allen asserts that each defendant either used excessive force against him or failed to intervene to prevent the use of excessive force against him by other officers. The magistrate judge assigned to this case has recommended that the Court dismiss Mr. Allen's claims with prejudice pursuant to 42 U.S.C. § 1997e(a)

for the failure to exhaust administrative remedies. (Doc. 57). Mr. Allen has filed written and typed objections to the magistrate judge's report and recommendation. (Docs. 58, 59). The substance of the objections in the two documents is the same.

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The Court reviews for plain error proposed factual findings to which no objection is made, and the Court reviews propositions of law *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

Mr. Allen filed two prison grievances relating to the October 3, 2017 confrontation with prison officers. Prison officials closed both grievances. The magistrate judge found that Mr. Allen did not complete the Limestone County Detention Facility's grievance procedure because Mr. Allen did not appeal the

initial disposition of his grievances. The magistrate judge held that Mr. Allen's failure to follow the appeal process in the grievance procedure mandated dismissal of Mr. Allen's civil rights complaint pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies.

Mr. Allen does not challenge the magistrate judge's finding concerning his failure to use the appeal mechanism in the prison grievance procedure. (Docs. 58, 59). Instead, Mr. Allen argues that 42 U.S.C. § 1997e(a) does not apply to his § 1983 action for monetary damages. (Doc. 58, p. 1; Doc. 59, pp. 1-2). Section 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, § 1997e(a) applies to Mr. Allen's § 1983 action and his request for compensation. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002) (explaining that exhaustion is a prerequisite to suit "[e]ven when the prisoner seeks relief not available in grievance proceedings, notably money damages"); *Booth v. Churner*, 532 U.S. 731, 740-41 (2001).

In support of his objection to the magistrate judge's report, Mr. Allen cites *Ross v. Blake*, 136 S. Ct. 1850 (2016). *Ross* supports the magistrate judge's recommendation; *Ross* does not support Mr. Allen's objections. In *Ross*, the Supreme Court held:

> The Prison Litigation Reform Act of 1995 (PLRA) mandates that an inmate exhaust "such administrative remedies as are available" before bringing suit to challenge prison conditions. 42 U.S.C. § 1997e(a). The court below adopted an unwritten "special circumstances" exception to that provision, permitting some prisoners to pursue litigation even when they have failed to exhaust available administrative remedies. Today, we reject that freewheeling approach to exhaustion as inconsistent with the PLRA. But we also underscore that statute's built-in exception to the exhaustion requirement: A prisoner need not exhaust remedies if they are not "available."

136 S. Ct. at 1854-55. The Supreme Court explained that the language in 42 U.S.C. § 1997e(a) is "'mandatory': An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies . . . And that mandatory language means a court may not excuse a failure to exhaust, even to take [special] circumstances into account." 136 S. Ct. at 1856. The Supreme Court remanded the *Ross* case for additional proceedings because the parties' "briefs and other submissions . . . suggest the possibility that the aggrieved inmate lacked an available administrative remedy," and the PLRA provides a statutory exception to the exhaustion requirement when an administrative remedy is not available to a prisoner. 136 S. Ct. at 1855. Mr. Allen does not contend that he lacked an administrative remedy.

The Court finds no error in the magistrate judge's factual findings or legal analysis. Therefore, the Court overrules Mr. Allen's objections, adopts the magistrate judge's report, and accepts his recommendation to dismiss Mr. Allen's case for failure to exhaust administrative remedies. The Court will dismiss this

case with prejudice as to the first grievance and without prejudice as to the second because it is not clear to the Court that Mr. Allen's administrative remedies concerning the second grievance are absolutely time-barred. *Bryant v. Rich*, 530 F.3d 1368, 1371 n.2 (11th Cir. 2008). On the calendar, Mr. Allen's five days to appeal from the disposition of his grievances expired long ago, but on October 10, 2017, Mr. Allen sought permission to add to his complaint in this action claims regarding the October 3, 2017 incident for which he seeks relief. Mr. Allen's motion to amend fell within the five-day period for an administrative appeal from his second grievance, and the Court does not know whether a tolling mechanism would allow Mr. Allen to resume his administrative appeal. If he has the benefit of a tolling mechanism, then he likely will have to file an administrative appeal concerning his second grievance within one day of his receipt of this opinion.[1]

The Court will enter a separate order consistent with this memorandum opinion.

---

[1] The Court notes that under the Limestone County Detention Facility's grievance procedure, there is no time limit for Mr. Allen to file a grievance relating to the October 3, 2017 incident. The procedure states: "Inmates may submit a grievance at any time, with the understanding that any delay in reporting a complaint may compromise the ability of the Jail Staff to investigate and respond to complaints." (Doc. 46-13, p. 2). Therefore, it seems that nothing in the grievance procedure would prevent Mr. Allen from renewing his grievance and pursuing it through all necessary stages to exhaust the grievance.

**DONE** this 25th day of March, 2019.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE